Indictment for horse-stealing, being felony without benefit ofclergy. — It appeared in evidence, that Willie Barrow had advanced money for the defendant, and he took the horse, for the stealing of which he is indicted, in pledge, with liberty to use the horse in working a gin; and the defendant had rode a mare of Barrow's to Nashville on business of Barrow's.
Barrow saw him in Nashville, and told him to carry the mare home and bring him the horse to return on.
The defendant went to Barrow's, where he usually worked, left the mare, and that night took the horse and went off; after some days, the defendant was pursued, taken up, and brought back. He confessed that he took the horse, but he considered him as his own property, that he intended to come back and finish the work.
The rule laid down in the note to the case of the State v.
Long, 1 Hay. 157, is correct law, and the reasoning in the note, though contrary to many late decisions in England, is incontrovertible. As it is adopted, it were useless to repeat it.
The books take a distinction between a bare care, distinct from the possession of goods. The distinction is nice, and should such a case occur, it ought to be narrowly examined.
The true rule seems to be adverted to by the counsel for the defendant, that, to constitute a felony, there must be a trespass in the original taking, which cannot be the case where the property has been previously delivered.
It will be a breach of trust or fraud, but cannot amount to felony.
Where a person has not parted with the general property, and holds up a claim, or there is a dispute, and he takes the property, such taking ought not to be considered felonious primâ facie.
The circumstances, however, are with the jury. If a person delivers property to another for a special purpose, he does not part with the general property, and it would seem that the taking of the property, having a claim to the same, would not be felony, unless from circumstances affording the clearest evidence it appeared that the taker meant to charge the bailee with the value of the goods, or produce other loss to him. *Page 70 
As to any consequent injury that might arise to the bailee from taking away the goods, it ought not to make it felony.
If Barrow did not authorize the taking of the horse in the first instance, it would be felony, otherwise it would not. The sword of justice is not to avenge breaches of confidence, which is left to the milder interposition of the civil law.
WHITE, J., considered the old law as the most correct, and that Mr. Haywood's opinion was the true one in a free country. It is important that legal principles should be settled. Where the discretion of a judge commences, there law ceases. Upon the second point he stated, that where a man pawns goods and afterwards takes them away, by which the bailee is injured, it is as much felony as in any other case; the pawner being deprived of his goods may be as wicked, and inflict as great an injury as could otherwise arise. Verdict, not guilty.